# MENAKER & HERRMANN
A LIMITED LIABILITY PARTNERSHIP
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016-0301

WOJCIECH JACKOWSKI
EXTENSION: 216
wjackowski@mhjur.com

TELEPHONE
(212) 545-1900

FACSIMILE
(212) 545-1656

WEBSITE
www.mhjur.com

October 23, 2014

<u>VIA ECF</u>

Honorable Robert E. Grossman, U.S.B.J.
United States Bankruptcy Court
Alfonse M. D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY 11722

   Re: <u>In re Goldstone Management Corp., Case No. 14-71450 (REG)</u>

Dear Judge Grossman:

   On behalf of secured creditor Hua Yuan Development, LLC ("HYD"), we request that HYD's Motion for Relief from the Automatic Stay (ECF. 40) be granted as unopposed. The Debtor has failed to submit any written opposition to the motion and has not availed itself of proffered discovery. E.D.N.Y. LBR 9013-1(b).

   HYD filed the motion on July 29, 2014, with an objection deadline of August 19, 2014, and return date on September 10, 2014. On August 29, 2014, Debtor's counsel approached us seeking an extension of Debtor's time to oppose the motion and a rescheduled return date. We initially proposed October 1, 2014, as the deadline for Debtor's opposition and October 10 as potential hearing date, to which Debtor's counsel consented. However, subsequently Debtor refused to comply with this agreement. On September 10, 2014, the Court set a return date for October 28, 2014, including an evidentiary hearing, if needed. To this date, Debtor has not filed a written opposition to the motion, contrary to the requirement of the Local Rule.

   As a matter of basic due process, HYD is entitled to know what positions the Debtor will take at the hearing and what facts will be in dispute. The Debtor's failure to file a written response to the motion is severely prejudicial to HYD and its ability to prosecute the motion on the date set by the Court.

Honorable Robert E. Grossman, U.S.B.J.
October 23, 2014
Page 2 of 2

      HYD has sought to engage in good faith discussions about a briefing and discovery schedule on the motion. Debtor, however, has refused to provide any firm dates whatsoever on the pretext that it is entitled to complete Rule 2004 inquiries before discussing the motion. Debtor's position has no good faith basis in law. Despite this, HYD volunteered document discovery notwithstanding the lack of any order compelling such production and made HYD's representative available for a deposition in early October. HYD also noticed the deposition of Debtor's principal and requested document discovery.

      Debtor has refused to cooperate with discovery. It refuses to take the proffered deposition of HYD. It refuses to produce documents. And it refuses to make its principal available for deposition. HYD has provided an appraisal report valuing Debtor's sole asset, a real estate construction project in Queens. Debtor has provided no expert report of its own.

      Earlier this week, Debtor's counsel advised us that it will not comply with dates scheduled in HYD's discovery notices. Therefore, HYD is deprived not only of a written pleading admitting or denying facts and delineating any potential defenses, but of any information at all from Debtor's side.

      HYD respectfully requests that the motion to lift the automatic stay shall be granted. Debtor has had more than three months to oppose and make discovery and has failed to do so. HYD has received summary judgment on its foreclosure in state court and shall be allowed to conclude that proceeding.

      Thank you for your courtesy.

                                                                   Respectfully yours,

                                                                   /Wojciech Jackowski